# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

OTTIE STUPRICH and
MARY STUPRICH,

    Plaintiffs,

v.                                                    Case No: 8:14-cv-3202-T-30AEP

OCWEN LOAN SERVICING and
FREMONT INVESTMENTS & LOAN,

    Defendants.

## ORDER OF DISMISSAL

THIS CAUSE comes before the Court *sua sponte*. Based upon the Court's independent examination of the complaint filed in this action, the Court concludes that this case must be dismissed. Specifically, Plaintiffs do not allege an actionable claim under federal law. Moreover, it appears that the Court does not otherwise have subject matter jurisdiction.

Plaintiffs, who are proceeding in this case *pro se*, filed the instant complaint based, purportedly, on federal law. The complaint, which consists mainly of a 3-page form that lacks factual details, attempts to allege a claim related to Plaintiffs' mortgage and/or property. Plaintiffs seek a declaratory judgment "stating that they are the sole owner of property" located in Florida (Dkt. 1). Plaintiffs vaguely reference that their claim is under 42 U.S.C. §1983 against Defendants Ocwen Loan Servicing and Fremont Investments & Loan. The complaint, however, does not contain any facts establishing state action on Defendants' parts, or constitutional violations. Thus, the complaint falls woefully short

of establishing an actionable claim under section 1983 even under the liberal standard afforded to *pro se* litigants and must be dismissed for failure to state a claim. The Court concludes that permitting amendment of the claim would be futile because, even under the most liberal reading, the complaint does not allege any facts that would apply to a section 1983 claim.

The Court also concludes that the complaint must be dismissed for lack of subject matter jurisdiction because Plaintiffs do not allege an actionable federal claim sufficient to establish federal question jurisdiction. Indeed, to the extent that the Court can glean a legally cognizable claim from the narrative attached to the 3-page form (Dkt. 1 at 4-5), the claim appears most akin to a quiet title claim under Florida law. Notably, the complaint does not contain any allegations that would support diversity jurisdiction under 28 U.S.C. § 1332.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint is dismissed without prejudice for the reasons explained herein.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of March, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-3202 dismissal.docx